IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 17-CR-20043-02-JAR |
| JESUS QUINTANA, | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on pro se Defendant Jesus Quintana's Motion to Reduce Sentence—First Step Act (Doc. 184). For the reasons provided below, Defendant's motion is denied.

## I.     Background

On September 19, 2018, Defendant pleaded guilty to conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), and 846.[1] On May 13, 2019, the Court sentenced Defendant to 90 months' imprisonment, a five-year term of supervised release, and a $100 special assessment.[2] On August 16, 2019, the Tenth Circuit Court of Appeals dismissed Defendant's appeal concluding that the issue he attempted to appeal fell within his plea agreement's waiver of his right to appeal.[3]

---

[1] Doc. 74.

[2] Doc. 129.

[3] Doc. 163.

Defendant is currently incarcerated at El Reno FCI.  The Bureau of Prisons ("BOP") reports 268 inmates at that facility have tested positive for COVID-19, 704 inmates have been tested, and one inmate has died.[4]  There are 127 active inmate cases, 18 active staff cases, and 191 tests remain pending.[5]  Defendant is 40 years old, and his projected release date is January 1, 2024.

On September 2, 2020, Defendant filed a motion requesting compassionate release due to the underlying health conditions of chronic acid reflux and "nasal breathing paths" and the risk of severe complications should he contract COVID-19 while in prison.  In addition, he requests release to help care for his sister, who is paralyzed from the neck down.  He requests that his time be reduced to time served and states that he is willing to be placed on home confinement.

Under Standing Administrative Orders 19-1 and 20-8, the Federal Public Defender ("FPD") is appointed to represent indigent defendants who may qualify to seek compassionate release under section 603(b) of the First Step Act and that are brought on grounds related to the COVID-19 pandemic.  The FPD is to notify the Court within 15 days of any pro se individual filing a compassionate release motion whether it intends to enter an appearance on behalf of the defendant, or whether it seeks additional time to make such determination.  In this case, the time to do so has expired, and the FPD did neither.  Accordingly, Defendant's motion proceeds pro se.

## II.    Legal Standards

"[I]t is well-settled that '[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do

---

[4] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus (last accessed November 2, 2020).

[5] *Id.*

so.'"[6]  Section 3582(c) permits a court to modify a term of imprisonment for compassionate release only if certain exceptions apply.  Until recently, these exceptions required the BOP to move on a defendant's behalf.  In 2018, however, the First Step Act modified the compassionate release statute, permitting a defendant to bring his own motion for relief.[7]  But a defendant may bring a motion for compassionate release from custody only if he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. . . ."[8]  Unless a defendant meets this exhaustion requirement, the court lacks jurisdiction to modify the sentence or grant relief.[9]

Where a defendant has satisfied the exhaustion requirement, a court may reduce the defendant's proposed sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the court determines: (1) "extraordinary and compelling reasons warrant such a reduction"; or (2)  "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[10]  In addition, a court must ensure that any reduction in a

---

[6] *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell,* 81 F.3d 945, 947 (10th Cir. 1996)).

[7] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[8] 18 U.S.C. § 3582(c)(1)(A).

[9] *United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *see also United States v. Walker*, No. 13-10051-EFM, 2020 WL 2101369, at *2 (D. Kan. May 1, 2020) ("The administrative exhaustion requirement is jurisdictional and cannot be waived."); *see also United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1116–17 (D. Kan. Apr. 16, 2020) (analyzing the text, context, and historical treatment of § 3582(c)'s subsections to determine the exhaustion requirement is jurisdictional).  *Cf. United States v. Younger*, No. 16-40012-DDC, 2020 WL 3429490, at *3 (D. Kan. June 23, 2020) (reasoning that, absent direct guidance from the Tenth Circuit, the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

[10] 18 U.S.C. § 3582(c)(1)(A).

defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[11]

The Sentencing Commission's policy statement pertaining to sentence reductions under 18 U.S.C. § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13.  The comments to § 1B1.13 contemplate four categories of extraordinary, compelling circumstances: (1) the defendant is suffering from a terminal illness, i.e., a serious, advanced illness with an end-of-life trajectory; (2) the defendant is suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which the defendant is not expected to recover; (3) the defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least ten years or seventy-five percent of the term of imprisonment, whichever is less; and (4) the defendant needs to serve as a caregiver for a minor child, spouse, or registered partner.[12]  A defendant requesting compassionate release bears the burden of establishing that compassionate release is warranted under the statute.[13]

---

[11] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding the Sentencing Commission policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

[12] U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1 (U.S. Sentencing Comm'n 2018).

[13] *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (finding that defendant bears the burden of demonstrating entitlement to relief under § 3582(c)(2)); *United States v. Bright*, No. 14-10098-JTM, 2020 WL 473323, at *1 (D. Kan. Jan. 29, 2020) (noting that the "extraordinary and compelling" standard imposes a heavy burden on an inmate seeking compassionate release under § 3582(c)(1)(A)).

### III.    Discussion

#### A.  Exhaustion

Defendant satisfies the exhaustion requirement described in § 3582(c).  Defendant sent a letter to the Warden on June 19, 2020 requesting compassionate release.[14]  As of September 2, 2020, the date Defendant filed his motion in this Court, more than 30 days had passed.  In addition, the government does not dispute that Defendant satisfies the applicable exhaustion requirement.  Thus, this Court will proceed on and consider Defendant's motion.

#### B.      Extraordinary and Compelling Reasons

Having determined that Defendant has properly exhausted administrative remedies, the Court must next determine whether extraordinary and compelling reasons warrant reducing Defendant's sentence to time served.  Congress permitted the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."[15]  The Sentencing Commission, in its commentary to U.S.S.G. § 1B1.13, has enumerated four categories of circumstances which may constitute extraordinary relief.[16]

Here, Defendant asserts that his circumstances constitute extraordinary, compelling reasons to reduce his sentence.  He first contends that his underlying health conditions of chronic acid reflux and "nasal breathing paths," coupled with the outbreak of COVID-19 in prison, make him more susceptible to serious illness should he contract COVID-19.  He acknowledges that due to the Centers for Disease Control and Prevention ("CDC") guidance, he is not at high risk for complications.  Defendant believes, however, that if he does contract COVID-19, his

---

[14] Docs. 184-1, 184-2.

[15] 28 U.S.C. § 994(t).

[16] U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1 (U.S. Sentencing Comm'n 2018).

breathing problems will not allow him to fight it off.   The government asserts that Defendant's health conditions do not constitute an extraordinary or compelling reason warranting release.

Here, neither of Defendant's underlying medical conditions is listed as conditions by the CDC that are at increased risk of serious complications should Defendant contract COVID-19. Although the Court is sympathetic to Defendant's concerns and recognizes that Defendant's risk of contracting COVID-19 complications may be higher due to some breathing difficulties, he does not show a relatively high risk based on his health conditions.   Generalized concerns about COVID-19, even when the virus has spread within a correctional facility, do not create the type of extraordinary and compelling circumstances sufficient to justify compassionate release.[17] Thus, based on his medical conditions, Defendant does not make an individualized showing about his increased vulnerability to contracting COVID-19 and having significant or severe health issues, and he does not meet his burden in demonstrating extraordinary and compelling circumstances warranting compassionate release.

In addition, Defendant contends that he presents an extraordinary and compelling reason for release due to his sister's paralysis from the neck down and the need for him to act as her primary caregiver.   Family circumstances can sometimes establish an extraordinary and compelling reason warranting release.   Specifically, the "family circumstances" application note to § 1B1.13 provides that an extraordinary or compelling reason may exist for a reduction in sentence due to the "death or incapacitation of the caregiver of the defendant's minor child or minor children" or due to "[t]he incapacitation of the defendant's spouse or registered partner

---

[17] *United States v. Dial,* 2020 WL 4933537, at *3 (D. Kan. 2020) (citing *United States v. Seymon*, 2020 WL 2468762, at *4 (C.D. Ill. May 13, 2020) ("The Court does not seek to minimize the risks that COVID-19 poses to inmates in the BOP," however, "the mere presence of COVID-19 in a particular prison cannot justify compassionate release—if it could, every inmate in that prison could obtain release.").

when the defendant would be the only available caregiver for the spouse or registered partner."[18] Here, neither circumstance exists.  Defendant's sister is not the caretaker of his children nor his spouse.

Furthermore, even if the Court was inclined to find that caring for an incapacitated sibling was an extraordinary and compelling reason,[19] Defendant fails to provide any evidence to the Court demonstrating that he is the only potential caregiver.[20]  Instead, Defendant states that his wife helps take care of his sister, but his wife needs to seek outside work, which diminishes her ability to care for Defendant's sister.  In addition, Defendant's Presentence Investigation Report indicates that his father and two other siblings reside in the Wichita area who could potentially help provide care to Defendant's sister.[21]  Thus, although the Court is sympathetic to Defendant's family circumstances, Defendant's assertion that his sister may need additional caregiver help does not constitute an extraordinary and compelling reason warranting release in this case.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence—First Step Act (Doc. 184) is **DENIED**.

**IT IS SO ORDERED.**

---

[18] U.S. Sentencing Guidelines Manual, § 1B1.13, Application Notes, 1(C)(i)–(ii).

[19] Although the Court is aware of some courts allowing compassionate release for caregiver assistance to a parent, the Court is unaware of any decisions in which a defendant was released to be the caregiver for a sibling.

[20] *See United States v. Bucci*, 409 F. Supp. 3d 1, 2 (D. Mass. 2019) (finding that an extraordinary and compelling reason warranting compassionate release existed because the defendant was the *only* available caregiver for his ailing mother); *United States v. Nevers*, No. 16-88, 2019 WL 7281929, at *6 (E.D. La. Dec. 27, 2019) (distinguishing the facts in the case before it from *Bucci* because the defendant did not demonstrate that she was the only potential caregiver for her mother and thus release was not warranted).  *See also United States v. Ingram*, No. 2:14-cr-40, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) (finding that the family circumstances of aging and sick parents do not constitute extraordinary and compelling circumstances warranting compassionate release). These cases all addressed caregiving in relation to parents.

[21] Doc. 96.  The Court notes that another one of Defendant's siblings is currently incarcerated due to the underlying facts in this case.

Dated: November 4, 2020

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE