## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                                    Case No. 17-CR-20043-02-JAR

JESUS QUINTANA,

      Defendant.

---

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Jesus Quintana's Reply to the Court's Order to Defendant's Motion for Sentencing Relief Pursuant to 3582(c)(1)(A)(i) (Doc. 191), which the Court construes as a motion to reconsider. This Court previously denied Defendant's motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A) because Defendant failed to demonstrate extraordinary and compelling circumstances warranting compassionate release.[1] Defendant is again before the Court, seeking reconsideration of that denial on grounds that he is the only available caregiver for his incapacitated sister. For the reasons explained below, Defendant's motion is denied.

## I.    Background

On September 19, 2018, Defendant appeared before Judge Carlos Murguia and pleaded guilty to conspiracy to distribute and to possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), and 846.[2] On May 13, 2019, the Court sentenced Defendant to ninety months' imprisonment, a five-year term of supervised

---

[1] Doc. 190.

[2] Doc. 74.

release, and a $100 special assessment.[3]  On July 25, 2019, the Tenth Circuit Court of Appeals dismissed Defendant's appeal, finding that the issue he sought to appeal fell within the scope of his plea agreement's waiver of his right to appeal.[4]

Defendant is currently incarcerated at FCI El Reno in Oklahoma.  As of January 11, 2021, the Bureau of Prisons ("BOP") reports that 347 inmates have tested positive for COVID-19 out of 870 inmates tested at this facility, and one inmate has died.[5]  The BOP further reports that there are fifty-one active inmate cases, five active staff cases, and one test remains pending at FCI El Reno.[6]  Defendant is forty years old, and his projected release date is January 1, 2024.

On September 2, 2020, Defendant filed a *pro se* motion requesting compassionate release due to his underlying health conditions of chronic acid reflux and "nasal breathing paths," and the risk of severe complications should he contract COVID-19 while in prison.[7]  In addition, Defendant requested release to help care for his sister, who is paralyzed from the neck down.  On November 4, 2020, the Court denied his motion, finding that neither Defendant's health conditions nor his family circumstances constitute extraordinary and compelling circumstances warranting compassionate release.[8]  With respect to his family circumstances, the Court held that even if it was inclined to find that caring for an incapacitated sibling was an extraordinary and compelling reason for compassionate release, Defendant failed to provide any evidence to the

---

[3] Doc. 129.

[4] *United States v. Quintana*, 774 F. App'x 492 (10th Cir. 2019) (per curiam).

[5] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus (last visited Jan. 11, 2021).

[6] *Id.*

[7] Doc. 184.

[8] Doc. 190.

Court demonstrating that he is the only available caregiver.[9]  Defendant seeks reconsideration of that finding.[10]

After filing his motion for reconsideration, Defendant filed a notice of appeal.[11]  The Tenth Circuit abated the appeal pending this Court's disposition of Defendant's motion.[12]  The Tenth Circuit held:

> Although it is not clear whether the motion tolls the time to appeal, out of an abundance of caution and in the interest of judicial efficiency, the appeal is ABATED pending the district court's disposition of the motion for reconsideration. . . . The notice of appeal will become effective when the district court enters an order deciding the pending motion. . . .[13]

## II.     Legal Standard

D. Kan. Rule 7.3(b) governs motions to reconsider non-dispositive orders, which must be filed "within 14 days after the order is filed unless the court extends the time."  A party may seek reconsideration on the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[14]  While a motion to reconsider is available where the court has "misapprehended the facts, a party's position, or the controlling law," such a motion does not permit a party to "revisit issues already addressed or to advance arguments that could have been raised in prior briefing."[15]

---

[9] *Id.* at 7.

[10] Defendant does not ask the Court to reconsider its finding that Defendant's underlying health conditions do not place him at an increased risk of serious illness should he contract COVID-19.

[11] Doc. 192.

[12] Doc. 195.

[13] *Id.* at 1 (first citing Fed. R. App. P. 4(a)(B)(i); then citing *id.* 4(a)(B)(ii); and then citing *Breeden v. ABF Freight Sys., Inc.*, 115 F.3d 749, 752 (10th Cir. 1997)).

[14] D. Kan. R. 7.3(b).

[15] *Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010) (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (addressing motion under Fed. R. Civ. P. 59(b))).

"The Tenth Circuit has observed that 'a motion for reconsideration is an extreme remedy to be granted in rare circumstances.'"[16]  "A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider."[17]  Whether to grant a motion for reconsideration is left to the court's discretion.[18]

III.    **Discussion**

The Court denied Defendant's motion for compassionate release on November 4, 2020. Although Defendant's motion for reconsideration was docketed on November 25, 2020—more than fourteen days after the Court entered its order denying compassionate release—the motion was placed in the prison mail system on November 17, 2020.[19]  The Court therefore considers the motion timely.[20]

Defendant asks this Court to reconsider its finding that his family circumstances do not amount to an extraordinary and compelling reason for a sentence reduction because Defendant is not the only available caregiver for his sister.  In its November 4, 2020 order, the Court identified four other potential caregivers: Defendant's wife, Defendant's father, and two of Defendant's other siblings.[21]  The Court noted that Defendant's Presentence Investigation Report indicates

---

[16] *A.H. ex rel. Hohe v. Knowledge Learning Corp.*, No. 09-2517-DJW, 2011 WL 1466490, at *4 (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995)).

[17] *Id.* (citing *Sithon Mar. Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998); *see also Turner v. Nat'l Council of State Bds. of Nursing*, No. 11-2059-KHV, 2013 WL 139750, at *2 (D. Kan. Jan. 10, 2013) (citing *Cline v. S. Star Cent. Gas Pipeline, Inc.*, 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005), *aff'd*, 191 F. App'x 822 (10th Cir. 2006)).

[18] *Coffeyville*, 748 F. Supp. 2d at 1264 (citing *In re Motor Fuel Temp. Sales Pracs. Litig.*, 707 F. Supp. 2d 1145, 1166 (D. Kan. 2010)).

[19] Doc. 191 at 4.

[20] *See United States v. Toombs*, No. 10-20009-01, 2017 WL 914804, at *1 (D. Kan. Mar. 8, 2017), *aff'd*, 712 F. App'x 791 (10th Cir. 2017).

[21] Doc. 190 at 7.  While Defendant has four siblings, one is incarcerated.  Thus, the Court found that two of Defendant's siblings were potential caregivers for Defendant's sister.  *Id.*

that his father and two other siblings reside in the Wichita area, where Defendant's wife and incapacitated sister live.[22]

Defendant now states for the first time that his "[f]ather and [s]ibling that is not incarcerated both have moved back to Mexico and have no intention of returning."[23]  Moreover, Defendant asserts that his wife can no longer care for his sister because, "as stated in his [m]otion," she "had to obtain a full-time job to financially support her children and [Defendant's] sister."[24]  Defendant's sister must therefore wait until Defendant's wife comes home from work every day for assistance with basic physical needs, including personal hygiene, toileting, and eating.  Even excusing Defendant's failure to present his strongest case in his original motion for compassionate release by not stating that his father and siblings are not available to care for his sister, reconsideration is not warranted in this case.

As the Court previously explained, the "family circumstances" application note to U.S.S.G. § 1B1.13 lists two circumstances that may qualify as extraordinary and compelling reasons for a reduction in sentence: (1) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" and (2) "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner"[25]  Given this guidance, some courts have found that extraordinary and compelling reasons for a sentence reduction may exist when a defendant is the only available caregiver for an incapacitated close family member, even if that family member is not a spouse

---

[22] *Id.*

[23] Doc. 191 at 2.  Defendant does not indicate which sibling moved to Mexico, nor does he address whether the remaining sibling is available to care for Defendant's sister.  For purposes of this motion, the Court will assume that both of his siblings are not available to care for Defendant's sister.

[24] *Id.*

[25] U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(C)(i)–(ii).

or a registered partner, because the relationship is akin to those contemplated by the Guidelines.[26]

Even if the Court agrees that a defendant's role as the only available caregiver for an incapacitated sibling is an extraordinary and compelling reason justifying compassionate release, Defendant fails to show that he is the only available caregiver for his sister.[27]  Defendant's father and siblings might not be available to care for Defendant's sister, but Defendant's wife continues to care for her.  The Court recognizes that Defendant's wife bears the tremendous stress and burden of being a single mother who works full time and cares for her incapacitated sister-in-law.  However, because Defendant is not the only available caregiver for his sister, his family circumstances, while difficult, do not amount to an extraordinary and compelling reason for a sentence reduction.  Accordingly, Defendant's motion for reconsideration is denied.

Finally, although not grounds for reconsideration, the Court notes that Defendant "asks this Court to provide him with a status on his [28 U.S.C.] § 2255 filing so that he may continue to seek relief on the grounds filed in his § 2255."[28]  Defendant further states that, on August 4, 2020, he "filed a Status Motion in regards to his filed § 2255 and this Court has yet to respond to

---

[26] *See, e.g.*, *United States v. Bucci*, 409 F. Supp. 3d 1, 2–3 (D. Mass. 2019) (parent); *see also United States v. Wooten*, No. 3:13-CR-18 (SRU), 2020 WL 6119321, at *4 n.3 (D. Conn. Oct. 16, 2020) ("Admittedly, [the defendant] does not cite (and I am unaware of) any case in which a court has held that a defendant's status as the only available caregiver for his incapacitated sibling contributed to 'extraordinary and compelling reasons' warranting that defendant's release.  But I see no principled reason to distinguish between a defendant's sister and a defendant's parent in that regard.").

[27] *See Wooten*, 2020 WL 6119321, at *8 ("[The defendant's] status vis-à-vis his sister does not, alone, amount to an extraordinary and compelling reason warranting [his] release . . . because he is not technically her only available caregiver. . . .  [A]lthough it is difficult and getting more difficult all the time—[the defendant's mother] still cares for [his] sister."); *United States v. Lytch*, No. 02-CR-891 (ARR), 2020 WL 7488880, at *1 (E.D.N.Y. Dec. 21, 2020) ("[I]t may be possible that being the only available caregiver for an ailing parent or sibling could constitute an extraordinary and compelling reason justifying release.  [The defendant], however, has not established that he is the only person who could care for his mother and sisters." (internal quotation marks and citation omitted)).

[28] Doc. 191 at 3.

him."[29]  However, there is no § 2255 motion pending, and the Court has not received any request for status.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Jesus Quintana's Motion to Reconsider (Doc. 191) is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 15, 2021

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[29] *Id.*