IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

JESUS QUINTANA,

    Defendant.

Case No. 17-CR-20043-02-JAR

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Jesus Quintana's Resubmittal of Motion for Sentencing Relief Pursuant to § 3582(c)(1)(A)(i) (Doc. 208). This Court previously denied Defendant's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A) because Defendant failed to demonstrate extraordinary and compelling circumstances warranting early release.[1] This Court also denied a motion to reconsider its decision.[2] Defendant is again before the Court, contending that he should be released to relieve his wife of the burden of being the caregiver for his incapacitated sister. The motion is fully briefed, and the Court is prepared to rule. For the reasons explained below, the Court denies Defendant's motion.

**I.    Background**

On September 19, 2018, Defendant pleaded guilty to conspiracy to distribute and to possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), and 846.[3] Judge Carlos Murguia sentenced Defendant to ninety

---

[1] Doc. 190.

[2] Docs. 191, 198.

[3] Doc. 74.

months' imprisonment, a five-year term of supervised release, and a $100 special assessment.[4] On July 25, 2019, the Tenth Circuit Court of Appeals dismissed Defendant's appeal, finding that the issue he sought to appeal fell within the scope of his plea agreement's waiver of his right to appeal.[5]

Defendant is currently incarcerated at RRM Kansas City, a halfway house to which he has been moved since filing the instant motion.  COVID-19 statistics for this facility are not available.   Defendant is forty-one years old, and his projected release date is January 1, 2024.

On September 2, 2020, Defendant filed a *pro se* motion requesting compassionate release due to his underlying health conditions of chronic acid reflux and "nasal breathing paths," and the risk of severe complications should he contract COVID-19 while in prison.[6]  In addition, Defendant requested release to help care for his sister, who is paralyzed from the neck down.  On November 4, 2020, the Court denied his motion, finding that neither Defendant's health conditions nor his family circumstances constitute extraordinary and compelling circumstances warranting compassionate release.[7]  As to his family circumstances, the Court held that even if it were to find that caring for an incapacitated sibling was an extraordinary and compelling reason for compassionate release, Defendant failed to provide any evidence to the Court demonstrating that he was the only available caregiver.[8]  Defendant sought reconsideration of that finding.

---

[4] Doc. 129.

[5] *United States v. Quintana*, 774 F. App'x 492 (10th Cir. 2019) (per curiam).

[6] Doc. 184.

[7] Doc. 190.

[8] *Id.* at 7.

After filing his motion for reconsideration, Defendant filed a notice of appeal.[9] The Tenth Circuit abated the appeal pending this Court's disposition of Defendant's motion.[10]

In addressing Defendant's Motion for Reconsideration, the Court recognized that Defendant provided additional information regarding his family, identifying his wife as the only person capable of helping his sister.[11] The Court noted that Defendant still failed to demonstrate that he was the only available caregiver, as his wife, despite bearing "the tremendous stress and burden of being a single mother who works full time and cares for her incapacitated sister-in-law," continued to provide her care.[12] The Court denied his motion, and the Tenth Circuit dismissed his appeal for lack of prosecution.[13]

Defendant filed a second *pro se* motion for compassionate release on May 27, 2021.[14] Defendant repeats his arguments for relief based on COVID-19 from his initial motion as well as his contention for a reduced sentence based on changed family circumstances as presented in his motion for reconsideration. Defendant discusses COVID-19 variants, and claims to be more vulnerable to COVID-19 after already having contracted it once. Defendant argues that he proves in his motion that "he is the only one that can care for his sister," yet states that his wife, although under great strain, continues to provide her care while he is incarcerated.[15]

The government opposes Defendant's second motion. First, the government notes that Defendant, in addition to already having once contracted COVID-19 with no identified lingering

---

[9] Doc. 192.

[10] Doc. 195.

[11] Doc. 198.

[12] *Id.* at 6.

[13] Doc. 205.

[14] Doc. 208.

[15] *Id.* at 6–8.

complications, has been fully vaccinated against the virus since April 20, 2021.[16]  Second, the government argues that Defendant has failed to show that he is the only family member who can care for his sister, in light of his wife's continued provision of care.  Finally, the government asserts that the 18 U.S.C. § 3553(a) factors also counsel against granting Defendant's motion, identifying his willful participation in the delivery of seven kilograms of cocaine, his prior history of drug trafficking, and the need for his sentence to reflect the seriousness of the offense.  The government states that reducing his sentence by approximately a third would diminish the extent to which his sentence provides just punishment and promotes respect for the law.

Under District of Kansas Standing Order 19-1, the Federal Public Defender ("FPD") was appointed to represent indigent defendants who may qualify to seek compassionate release under section 603(b) of the First Step Act of 2018.[17]  That Order was supplemented by Administrative Order 20-8, which established procedures to address motions brought on grounds related to the COVID-19 pandemic.  Under Administrative Order 20-8, the FPD shall notify the court within fifteen days of any *pro se* individual filing a compassionate release motion whether it intends to enter an appearance on behalf of the defendant, or whether it seeks additional time to make such determination.  The FPD did not enter an appearance in Defendant's case, and the time to do so has passed.  Accordingly, Defendant proceeds *pro se*.

## II.   Legal Standard

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions."[18]  "One

---

[16] Doc. 208 at 9–10, 14–16.

[17] Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239.

[18] *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).

such exception is contained in [18 U.S.C.] § 3582(c)(1)."[19]  Section 3582(c)(1)(A), as amended by the First Step Act of 2018,[20] permits a court to reduce a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[21]  The court may grant a motion for sentence reduction only if: (1) "extraordinary and compelling reasons" warrant a sentence reduction, (2) such a reduction is consistent with "applicable policy statements issued by the Sentencing Commission," and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support such a reduction.[22]  The court may deny a § 3582(c)(1)(A) motion "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others."[23]

### III.  Discussion

#### A.  Exhaustion

The Tenth Circuit recently held that § 3582(c)(1)(A)'s exhaustion requirement is a claim-processing rule that the government may waive or forfeit.[24]  Here, the government does not contest that Defendant has met the exhaustion requirement.   The Court the considers this argument waived and proceeds to the merits.

#### B.  Extraordinary and Compelling Reasons

---

[19] *Id.*

[20] Pub. L. No. 115-391, 132 Stat. 5194.

[21] 18 U.S.C. § 3582(c)(1)(A); *see also Maumau*, 993 F.3d at 830–31.

[22] *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[23] *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021) (emphasis omitted) (quoting *McGee*, 992 F.3d at 1043).

[24] *United States v. Hemmelgarn*, --F.4th--, 2021 WL 4692815, at *2 (10th Cir. Oct. 8, 2021).

Section 3582(c)(1)(A) requires a district court to find that "extraordinary and compelling reasons warrant a sentence reduction" before it may grant a § 3582(c)(1)(A) motion. The court has "the authority to determine for [itself] what constitutes 'extraordinary and compelling reasons.'"[25] While that authority "is bounded by the requirement . . . that a reduction in sentence be consistent with applicable policy statements issued by the Sentencing Commission," the Sentencing Commission has not yet issued a policy statement "applicable" to § 3582(c)(1)(A) motions filed by a defendant.[26] Accordingly, § 3582(c)(1)(A)'s consistency requirement does not currently constrain the court's discretion to consider whether extraordinary and compelling reasons warrant a sentence reduction.[27]

Here, Defendant asserts that his circumstances constitute extraordinary and compelling reasons to reduce his sentence. He contends that his underlying health conditions of chronic acid reflux and "nasal breathing paths," coupled with the outbreak of COVID-19 in prison, make him more susceptible to serious illness or death should he contract COVID-19. The Court has previously observed that Defendant's underlying medical conditions are not recognized by the Centers for Disease Control and Prevention as a risk factor for severe illness from COVID-19.[28] The Court finds Defendant's myriad medical issues do not constitute extraordinary and compelling reasons for consideration of early release.

Further, although the Tenth Circuit has not yet definitively addressed the question, the Seventh Circuit has held that "prisoners who have access to the vaccine cannot use the risk of

---

[25] *Id.* at 832.

[26] *Id.* at 832, 836–37.

[27] *Id.* at 837.

[28] Doc. 190 at 5–6.

COVID-19 to obtain compassionate release."[29]  In a consistent approach, the Tenth Circuit has noted that an inmate's vaccination, or even access to the vaccination, creates "room for doubt" that an inmate's claim of increased risk of COVID-19 complications would support a finding of extraordinary and compelling reasons for release.[30]  At this time, Defendant has been vaccinated, weakening if not vitiating his ability to rely on the threat of COVID-19 or related complications to support a motion for compassionate release.

The Court must also examine Defendant's argument regarding changed family circumstances to determine if he has demonstrated that these qualify as extraordinary and compelling reasons for a sentence reduction.  The same fatal flaw has persisted throughout each of Defendant's three efforts to argue this issue: he has not demonstrated that he is the *only* person who can care for his incapacitated sister.  Defendant's wife continues with the difficult task he left her at the beginning of his incarceration: caring for his incapacitated sister in addition to being a working single mother.  Although the Court remains sympathetic to Defendant's family circumstances and recognizes the difficulties imposed on Defendant's wife, Defendant's assertion that his sister needs additional or substitute care does not constitute an extraordinary and compelling reason warranting release.  The Court could deny Defendant's motion on this basis alone, but in order to give Defendant's motion full consideration the Court will also conduct the second analytical prong and consider the § 3553(a) factors.

C.     **Section 3553(a) Factors**

---

[29] *United States v. Ugbah*, 4 F. 4th 595, 597 (7th Cir. 2021) (citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021).

[30] *United States v. Hald*, 8 F. 4th 932, 936 n.2 (10th Cir. 2021).

The Court next considers whether Defendant's reduction would comply with the sentencing factors enumerated in 18 U.S.C. § 3553(a). That statutes requires courts to "impose a sentence sufficient, but not greater than necessary" in consideration of the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
> (4) the kinds of sentence[s] and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . .;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.[31]

While the Court takes all seven § 3553(a) factors into account, those most pertinent to Defendant's case are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; and (3) the need for the sentence to protect the public from further crimes of the defendant. The government advises that defendant "may not appear to pose a direct danger to society upon release," but asserts that the requested relief would diminish the nature and seriousness of the offense by terminating approximately a third of his sentence.[32] The government also cites the

---

[31] 18 U.S.C. § 3553(a).

[32] Doc. 210 at 23.

8

need for just punishment and the need to promote respect for the law in support of its opposition to Defendant's motion.

Importantly, Defendant did not make any argument in his second motion regarding application of the § 3553(a) factors, thereby failing to carry his burden to show that these factors support his motion for compassionate release. In his first motion, he contended that the risk of severe COVID-19 complications and his family circumstances were § 3553(a) factors supporting early release.[33] These were elements of his argument for extraordinary and compelling circumstances, however, and do not correspond to the § 3553(a) factors. He also argued that home confinement would continue to serve the purposes of sentencing, but that would be true for all federal inmates and is not a persuasive reason to alter the terms of Defendant's confinement.

In consideration of the § 3553(a) factors, the Court concludes that releasing Defendant now would not leave him with a sentence that is "sufficient, but not greater than necessary." Defendant still has a little over 25 months of his 90-month sentence to serve. Reducing Defendant's sentence by nearly a third would diminish the nature and seriousness of his offense and the need for the sentence to continue to provide just punishment and otherwise promote respect for the law. Further, Defendant's criminal history includes a 2003 federal drug trafficking offense, and he continued to be involved in the drug trade after serving a 37-month sentence in that case.[34] The Court finds that the need to protect the public from future crimes from a defendant who is already a recidivist counsels in favor of denying his motion. In addition to Defendant's failure to demonstrate that extraordinary and compelling reasons exist warranting early release, this Court's consideration of the § 3553(a) factors also justifies denying

---

[33] Doc. 184 at 12–13.

[34] Doc. 96 ¶ 60.

Defendant's motion. Defendant has failed to carry his burden to demonstrate that extraordinary and compelling reasons existed to grant early release and that such a release was supported by the § 3553(a) factors.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Jesus Quintana's Motion to Reduce Sentence (Doc. 208) is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 29, 2021

                                                  S/ Julie A. Robinson
                                                  JULIE A. ROBINSON
                                                  CHIEF UNITED STATES DISTRICT JUDGE